[No. 10,972. Department One.—August 27, 1884.]

THE PEOPLE, RESPONDENT, *v.* HENRY WASSON, APPELLANT.

CRIMINAL LAW—MURDER—EVIDENCE—DYING DECLARATIONS.—Dying declarations are admissible only as to those things to which the deceased would have been competent to testify if sworn as a witness in the case. They must relate to facts, and not to mere matters of opinion, and where the declaration was, "I think that this man, Henry Wasson, the defendant, is the man who shot me," *held*, that it was the expression of an opinion, and not competent evidence.

ID.—RES GESTÆ—STATEMENTS OF DECEASED.—Statements of the deceased made several days after the shooting form no part of the *res gestæ*, and are not admissible in evidence.

ID.—IMPEACHMENT OF WITNESS FOR BIAS.—It is always competent for the party against whom a witness is called and testifies, to show that the witness entertains feelings of hostility and prejudice towards him.

APPEAL from a judgment of the Superior Court of Tehama County and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Hitchcock & Kelley*, for Appellant.

*Attorney-General Marshall*, for Respondent.

MORRISON, C. J.—The defendant was charged in the information with the crime of murder, and the verdict of the jury was in the following form:—

"We, the jury, find the defendant guilty as charged in the information, and fix the penalty at imprisonment for life."

The information charged the defendant with murder, which includes three degrees of felonious homicide, to wit, murder in the first degree, murder in the second degree, and manslaughter; and the verdict of the jury does not designate which of these three degrees they found the defendant guilty of. By section 1157 of the Penal Code, it is provided that "whenever a crime is distinguishable into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." It is unnecessary to decide whether the verdict is or is not sufficient; we are not required to pass upon the point, as there are other errors involved which require a reversal of the case.

2. The next error complained of was the admission by the court, against defendant's objection, of the dying declaration of

the deceased. It is very clear that the declaration of Shannon was not competent evidence against the defendant. It was simply the expression of an opinion that the defendant shot him. The language is: "I think that this man, Henry Wasson (the defendant), is the man that shot me." If the party making the dying declaration admitted in evidence against the defendant in this case, had been on the stand and examined as a witness, he would not have been allowed to testify to his opinion. He did not see the defendant fire the shot, and did not pretend to *know* who it was that shot him. It was at most but an expression of an opinion on the subject, and his *opinion* was not competent evidence in the case. In the case of *People* v. *Taylor*, 59 Cal. 645, this court says: "The law is well settled that the declarations of the deceased are admissible only to those things to which he would have been competent to testify if sworn as a witness in the cause. They must relate to facts only, and not to mere opinion."

3. The statements of Shannon, made some days after the shooting, were not admissible in evidence. They did not come within the rule admitting statements which are a part of the *res gestæ*, for they were simply a narrative of a past transaction, and were wholly incompetent. (1 Greenl. Ev. §§ 108, 113, 469; *People* v. *Doyell*, 48 Cal. 85.)

4. The only other question in the case which we deem it necessary to notice in this opinion is the following: One Thomas Carroll was called as a witness for the prosecution, and after testifying to matters material to the issue, was asked the following question on behalf of the defense: "I will ask you now, Mr. Carroll, if on Saturday evening, in Pike Payne's saloon, in the town of Red Bluff, in the presence of Mr. McGowan and Mr. Thatch, both witnesses in this case, you did not make the remark that Wasson (the defendant) ought to have been hung before he left Butte Creek?" The foregoing question was objected to by the prosecution as "irrelevant and immaterial." The objection was sustained, and exception duly taken by the defendant.

It was a proper question, and should have been allowed. It is always competent for the party against whom a witness is called and testifies, to show that such witness entertains feelings

of hostility and prejudice toward him, and such was the object and tendency of the inquiry above referred to. In the case of *People* v. *Benson*, 52 Cal. 380, the court say: "It is difficult to see on what ground this evidence was excluded, as it is perfectly well settled that on cross-examination a witness may be interrogated as to any circumstance which tends to impeach his credibility by showing that he is biased against the party conducting the cross-examination, or that he has an interest in the result adverse to such party. No citation of authorities is needed on a point so well settled, and the ruling was obviously erroneous."

It may be remarked, in closing this opinion, that the attorney-general confessed error on the argument of this appeal.

Judgment and order reversed and cause remanded for a new trial.

SHARPSTEIN, J., McKINSTRY, J., and ROSS, J., concurred.