WILLIAM H. FIELDS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Where a writ of error is sued out jointly by two defendants, but only one of said defendants assigns errors in this court, the proceedings in error, so far as the defendant who fails to assign errors is concerned, will be treated as abandoned.

2. It is within the sound judicial discretion of the trial court to control the detailed examination of witnesses, and, unless an abuse of this judicial discretion is shown to the appellate court, it will not disturb or reverse the ruling.

3. A defendant in a criminal case can not cross-examine a State witness about matters as to which he has not testified in his direct examination.

4. A witness can not be cross-examined as to any fact which is collateral or irrelevant to the issue merely for the purpose of contradicting him by other evidence if he should deny it, thereby to discredit his testimony.

5. For the purpose of discrediting a witness a wide range of cross-examination is permitted as a matter of right in regard to his motives, interest or animus as connected with the cause or the parties thereto, upon which matters he may be contradicted by other evidence.

6. Evidence of declarations or acts of a defendant, prior to the commission of a crime by him, in his own favor or interest, falling within the class designated as "self-serving declarations and acts" and forming no part of the *res gestae,* is not admissible.

7. Threats are admissible when they are part of the *res gestae* or when there is any doubt as to who began the difficulty, and it is not material in either of these cases that they should have been previously conveyed to the defendant.

8. The physical or mental condition or appearance of a person, or his manner, habit or conduct, may be proved by the opinion of an ordinary witness, founded on observation.

9. Where part of a conversation is given in evidence the defendant is entitled to have before the jury all that was said upon the subject upon the particular occasion, whether prejudicial or beneficial to him. The whole conversation should be given.

10. A motion to strike out the entire testimony of a witness should be denied if any part of said testimony is admissible for any purpose.

This case was decided by Division A.

Writ of error to the Circuit Court for Calhoun county.

The facts in the case are stated in the opinion of the court.

*Benj. S. Liddon* for plaintiff in error, William H. Fields.

*J. B. Whitfield,* Attorney-General, for the State.

SHACKLEFORD, J.—The plaintiff in error, William H. Fields, was indicted for an assault with intent to murder, and in the same indictment one Charles Robinson was charged with being accessory thereto; said indictment being found at the fall term, 1902, of the Circuit Court for Calhoun county. A trial was had at the spring term, 1903, of said court, which said trial resulted in both of said defendants being convicted of an aggravated assault, and a fine of five hundred dollars and the costs of prosecution was imposed upon the plaintiff in error, or, in default of the payment thereof, he was sentenced to imprisonment in the county jail of said county for the term of twelve months; and a fine of two hundred and fifty dollars and costs was imposed upon the said Charles Robinson, or in default of the payment thereof, he was sentenced to imprisonment in said county jail for the term of six months.

Although the writ of error was sued out jointly by both of the defendants below, yet W. H. Fields alone assigns error here and seeks a reversal of said judgment and sentence, no errors being assigned on behalf of the said Charles Robinson. This being true, the proceedings in error, in so far as said Robinson is concerned, must be deemed and held to have been abandoned. *Whorley v. State,* 45 Fla. 123, 33 South. Rep. 849.

Thirty-three errors are assigned, all of said errors, however, except the fifteenth, twenty-eighth and thirty-second being based upon the sustaining of objections to certain questions to witnesses propounded on behalf of the defendants. The fifteenth error assigned is not argued here, and hence must be treated as abandoned. *Mathis v. State,* 45 Fla. 46, 34 South. Rep. 287, and authorities there cited; *McDonald v. State,* 46 Fla. *infra,* 35 South. Rep. 72.

The first and second errors are argued together, and we shall so treat them. They are based upon objections being sustained to the following questions which were propounded by defendants to J. F. Richards, the prosecuting witness

upon whom the alleged assault was made: "Who saw you here in Blountstown at the time you walked here and brought a gun previous to the time of the shooting?" "What was the man's name whose bond you came to Blountstown to sign?" These questions were objected to by the State on the ground that they were irrelevant and immaterial, and said objections were sustained. It does not appear from the record that the court was informed by counsel for defendants of any material bearing these questions had or would be shown to have upon the case. It was not shown to the court that the object of said questions was to affect the credibility of the witness. We fail to see what relevant or material bearing they had on the case at the time they were asked, and we are of the opinion that they were properly excluded. As was said in *Mathis v. State, supra,* "It is within the sound judicial discretion of the court to control the detailed examination of witnesses, and, unless an abuse of this judicial discretion is shown to the appellate court, it will not disturb or reverse the ruling." Also see the authorities there cited, and, in addition, *Wallace v. State,* 41 Fla. 547, 26 South. Rep. 713; *Stewart v. State,* 42 Fla. 591, 28 South. Rep. 815. No error is shown here.

The third, fifth, sixth, seventh, eighth and ninth assignments of error all relate to the sustaining of objections by the court to questions propounded by counsel for defendants on cross-examination to the prosecuting witness, the grounds of said objections being that said questions were irrelevant and immaterial or (fifth assignment) vague and general and not in cross. We do not deem it necessary to set forth these questions in detail, but suffice it to state that we have carefully examined each and every of them and fail to see wherein any error was committed in sustaining the objections thereto. The questions were not proper on cross-examination, and, so far as was disclosed at the time they were asked, were immaterial and irrevelant. The authorities already cited in disposing of the first and second assign-

ments are in point here also.  See *Thalheim v. State,* 38 Fla. 169, 20 South. Rep. 938, to the effect that "a defendant in a criminal case can not cross-examine a State witness about matters as to which he had not testified in his direct examination."

The following question was propounded by counsel for defendants to said prosecuting witness: "Did you know at that time when you were in Blountstown in the morning of the day of the difficulty that Graham and Demont were and had for some time been angry with the defendant Fields, and were seeking a difficulty on that day?"  The State objected to the witness answering said question on the ground that it was irrelevant and immaterial, which objection was sustained by the court and said ruling forms the basis of the fourth error assigned.  No error was committed here, as at the time said question was propounded it had not been shown that said Graham and Demont had in any way participated in the difficulty.

The tenth assignment is also predicated upon the refusal of the court to permit a certain question to be propounded to said prosecuting witness, sustaining the objection interposed by the State on the ground that said question was immaterial and irrelevant.  Said question was not in cross of anything testified to by said witness on his direct examination and was wholly immaterial to the issue being tried, inquiring of witness if he had not stated after the difficulty, when he was sick in bed with the wound, that when Fields and Robinson came in sight of witness on the road where the difficulty was committed, witness, Graham and Demont were standing in the road talking?  In addition to the authorities already cited, see *Eldridge v. State,* 27 Fla. 162, 9 South. Rep. 448, to the effect that "a witness can not be cross-examined as to any fact which is collateral or irrelevant to the issue merely for the purpose of contradicting him by other evidence if he should deny it, thereby to discredit his testimony."

The eleventh assignment of error is based upon the refusal of the court to permit the following question to be propounded to said prosecuting witness: "Did you not in the conversation which you have just testified about that you had with Robinson at your house in reference to Fields, in reply to a suggestion from Robinson that you should let the matter drop and settle the difficulty, say that you did not intend to let it drop?"

The witness has previously testified on *cross-examination* that sometime before the difficulty occurred a conversation had taken place between witness and defendant Robinson, at the house of witness, but there had been no testimony as to where that conversation took place, or that it was at a time sufficiently proximate to the difficulty to make it material or that it related to the particular difficulty out of which the prosecution arose. The State objected to said question on the grounds that same was irrelevant and immaterial and no predicate had been laid for testing the knowledge of the witness. No error was committed here. The authorities already cited are in point.

The twelfth error assigned is as follows: "The court erred in not permitting the defendant Fields to propound the following question to the witness, Joe Demont, *viz*: 'State whether or not you and the defendant Fields had not previous to the 2nd day of June, 1902, had a personal difficulty?'" The State objected to this question on the ground that the same was immaterial and irrelevant, and this objection was sustained by the court. Said witness had been introduced by the State and had testified at some length to material facts bearing upon the offense with which defendants stood charged. The foregoing question was propounded on cross-examination by counsel for the plaintiff in error, and we are of the opinion that the court committed error in refusing to permit the witness to answer same. Evidently, the object of the question was to show that witness was not disinterested, but was actuated by feelings of

animosity toward said defendant growing out of a personal difficulty which had taken place between witness and said defendant. The witness should have been permitted to answer said question. As was said by this court in *Wallace v. State,* 41 Fla. 547, text 575, 26 South. Rep. 713, "For the purpose of discrediting a witness a wide range of cross-examination is permitted as a matter of right in regard to his motives, interest or animus as connected with the cause or the parties thereto, upon which matters he may be contradicted by other evidence." Also see *Bryan v. State,* 41 Fla. 643, 26 South. Rep. 1022; *People v. Wasson,* 65 Cal. 538, 4 Pac. Rep. 555; 1 Thompson on Trials, sec. 450; 8 Ency. Pl. & Pr., 120.

Counsel for defendants also propounded on cross-examination to said witness Demont the following question: "Did you not at the house of Charles Ferrington in this county about a month ago, before the difficulty in question, tell J. H. Singletary that you had talked with Richards about some trouble between the Richards and Fields children at school in which conversation you told Singletary that Richards told you that he was going to have a settlement of the matter between him and Fields, and that you told him, Richards, to wait until another time, when he would have a better chance, and to let the matter come up later?" The State objected to this question also on the ground that it was immaterial and irrelevant, which objection was sustained by the court and forms the basis of the thirteenth assignment. We do not think any error was committed here. The witness had not been interrogated about the remark Richards was alleged to have made and upon which the proposed question was based, therefore no predicate had been laid for the impeachment of said witness upon said point. In our opinion, said question called for hearsay testimony and the answer thereto, no matter what it might have been, would have been clearly irrelevant, and, therefore,

not admissible. See *Peaden and Foster v. State,* decided at the present term.

The fourteenth error complained of is the refusal of the court to permit said witness to answer the following question propounded to him on cross-examination by counsel for defendants: "Was Graham with you armed at that time and at the difficulty?" No error was committed here, as said Graham had not been shown to have taken any part whatever in said difficulty, and it was immaterial whether he was or was not armed. The answer thereto, no matter what it might have been, could have thrown no light on the case then being tried.

The sixteenth error assigned is based upon the refusal of the court to permit the following question to be asked by counsel for defendants of the witness Charles Robinson, one of the defendants, who had been called on behalf of defendants: "State whether or not the defendant Fields had recently, before this time, applied to you as an officer for protection against Richards?" We are of the opinion that the ruling of the court below was entirely proper, for the reason that said question sought to elicit from the witness a declaration made by his co-defendant Fields in his own favor or interest, clearly falling within the class designated as "self-serving declarations and acts," and forming no part of the *res gestae.* See Wharton's Crim. Ev. (9th ed.), sec. 690; Gillett's Indirect and Collateral Ev., sec. 231; *Stewart v. State,* 68 Ala. 199; *Berney v. State,* 69 Ala. 220; *Billingslea v. State,* 68 Ala. 486; *Martin v. State,* 77 Ala. 1; *Birdsong v. State,* 47 Ala. 68; *Ferguson v. State,* 134 Ala. 63, 32 South. Rep. 760; *State v. Umfried,* 76 Mo. 404; *State v. Evans,* 65 Mo. 574; *Rea v. State,* 8 Lea (Tenn.), 356; *Surles v. State,* 89 Ga. 167, 15 S. E. Rep. 38; *Davis v. State,* 3 Tex. App. 91; 9 Am. & Eng. Ency. of Law (2nd ed.), 5.

This court, in a civil case, has said upon this point, "the statements are assertions or declarations in the interests

of defendants, and against that of the plaintiffs, and are inadmissible of *themselves,* as evidence of their truth in favor of the defendants." *Sullivan v. McMillan,* 26 Fla. 543, text 585, 8 South. Rep. 450. We are but following the great weight of authority in applying this rule in a criminal case.

The eighteenth, nineteenth, twentieth, twenty-first, twenty-second and twenty-third errors assigned are all based upon the refusal of the court to permit the following questions to be propounded by counsel for defendants to the witness J. H. Singletary, who had been introduced by defendants: "When Richards was talking about Fields, what was it he said about him?" "Please state what was the manner of Richards when he was talking about Fields, as to whether he was angry toward him or good natured?" "Did you ever know Richards to walk to Blountstown from his home before?" "Did you hear Richards at Blountstown on the day of the difficulty say anything with reference to his feelings against Fields, the defendant, or any intention of having a difficulty with him?" "State what was the manner of Richards as to being pleased, angry or otherwise at Blountstown on the day of the difficulty?" "Do you know anything about the qualities of Richards' horses in reference to being afraid of discharge of guns?"

To the propounding of all these questions the State objected on the ground that the same were immaterial and irrelevant. After the court had sustained the objections of the State to all of said questions, counsel for defendants then stated to the court "that it was his object to prove, and he proposed to prove, by the said witness Singletary if he could obtain answers to the questions which the court ruled out, that Singletary was in Blountstown on the day of the difficulty; that he saw F. J. Richards there on that day; that Richards walked to Blountstown; that he came there armed with a rifle; that both his walking to town and being armed with a rifle was something he had never done before;

that he was very angry on the day he was at Blountstown, said that Fields, the defendant, had said something about him and his family that he would have to face that very day at the muzzle of a gun; that he, Richards, would die in his tracks before he would retract anything he had said about Fields; that Richards lived ten miles away, had several horses he might have driven, gentle except that they would not stand the fire of guns."

We are of the opinion that these questions were proper for the purpose of eliciting the information sought from the witness, and that the court committed error in sustaining the objections thereto. There had been considerable conflict in the testimony of the witnesses on behalf of the State and the defendants as to who began the encounter, as well as upon other material points, all of which we deem it unnecessary to set forth in detail. As was said by this court in *Garner v. State,* 28 Fla. 113, text 133, 9 South. Rep. 835 : "Threats are admissible when they are part of the *res gestae* or when there is any doubt as to who began the difficulty, and it is not material in either of these cases that they should have been previously conveyed to the defendant." Also see *Bond v. State,* 21 Fla. 738, text 751; *Lester v. State,* 37 Fla. 382, 20 South. Rep. 232; *Wilson v. State,* 30 Fla. 234, 11 South. Rep. 556; *Hart v. State,* 38 Fla. 39, 20 South. Rep. 805. Also see *Higginbotham v. State,* 42 Fla. 573, 29 South. Rep. 410, to the effect that "the physical or mental condition or appearance of a person, or his manner, habit or conduct, may be proved by the opinion of an ordinary witness, founded on observation." Also see authorities there cited; *Sylvester v. State,* decided at the present term; *Mitchell v. State,* 43 Fla. 584, 31 South. Rep. 242.

We have passed the seventeenth error assigned, but in disposing of same it is sufficient to state that a question was propounded to said witness Singletary by counsel for defendants as to whether or not Will Graham was armed when witness saw him, to which the State objected and

the objection was sustained. No error was committed here. What we have said in disposing of the fourteenth assignment applies here also.

Frank Baker was introduced as a witness by defendants and the following question propounded to him by their counsel, referring to a conversation which witness had testified had taken place between the prosecuting witness Richards and defendant Robinson at Blountstown prior to but on the day the difficulty occurred: "Did he (meaning said Richards) seem to be angry or in a good humor?" The State objected to the propounding of said question on the ground that same was immaterial and irrelevant, which objection was sustained, and this ruling forms the basis of the twenty-fourth assignment. We are of the opinion that this was error. See *Higginbotham v. State, supra,* and authorities already cited in disposing of the eighteenth to the twenty-third errors inclusive.

The twenty-fifth error assigned is stated as follows: "The court erred in not permitting the defendant Fields to propound the following question to the witness H. H. Singletary, *viz*: 'Have you ever known F. J. Richards to walk to town before?' " This is evidently a mistake and was intended to be based upon the refusal of the court to permit said question to be asked of the witness Jesse Clark, who was introduced on behalf of defendants. A similar question was propounded to the witness Singletary, and objection sustained thereto, which ruling formed the twentieth assignment. What we have said in disposing of that assignment applies here also.

The twenty-sixth error assigned is based upon the refusal of the court to permit the witness J. W. Pope to testify to the whole conversation between himself and Richards, and to state what each party said in said conversation.

Turning to the record, we find the following state of facts disclosed upon this point: Said witness had begun to relate the conversation which had taken place between him

and the prosecuting witness at Blountstown prior to but on the very day the difficulty occurred, when the State objected to the witness stating any of said conversation except what the prosecuting witness had said, and to witness stating any part of statements made by him in said conversation to prosecuting witness. Whereupon the court sustained said objection "and informed the witness he must only state what Richards said to him in the conversation, and nothing that he might have said to Richards." We are of the opinion that error was committed here. As is well said by counsel for plaintiff in error in his brief, "to have merely repeated the words of one side would have been a useless jargon of language without any pith, point or meaning. It would only have been equaled by a conversation heard at one end of a telephone line. The defendant was entitled to the whole conversation." See *Thalheim v. State, supra,* text 199; *Williams v. Keyser,* 11 Fla. 234, text 244.

The twenty-seventh and twenty-seventh and one-half errors assigned are based upon the refusal of the court to permit the following questions to be propounded by counsel for defendant to said witness Pope: "State whether Richards was accustomed to carrying a gun." "Did you ever see Richards carry a gun before?"

We are of the opinion that error was committed in refusing to permit the witness to answer these questions. The authorities already cited are in point.

On motion of the State, all of the testimony of said witness Pope was stricken out, and this is made the basis of the twenty-eighth assignment. No grounds of said motion were stated, and on an examination of said testimony we are of the opinion that the court erred in granting said motion.

The twenty-ninth, thirtieth and thirty-first assignments are all based upon the refusal of the court to permit counsel for defendants to propound the following questions to the defendant Fields, who had been introduced as a witness on behalf of defendants: "Do you know whether or not Rich-

ards was accustomed to going afoot?" "Do you know whether or not he was accustomed to go armed with a Winchester rifle?" "Do you know whether the horse that Richards had was shy and afraid of guns or not?"

We think these questions were proper and that the witness should have been permitted to answer them. The authorities already cited are applicable here.

The thirty-second and last error assigned is based upon the denial of the motion for a new trial. Said motion was made on behalf of both defendants. The third and fourth grounds thereof apply only to the defendant Robinson, and hence it is not necessary for us to consider same. The first and second grounds are to the effect the verdict was against the evidence, the law and the charge of the court.

As a new trial will have to be awarded, it is not advisable for us to pass upon these grounds or to express any opinion as to the evidence.

For the errors found the judgment of the court below, in so far as it affects the plaintiff in error William H. Fields, must be reversed and a new trial awarded, and it is so ordered.

The writ of error as to the plaintiff in error Charles Robinson is dismissed at his cost.

TAYLOR, C. J., and HOCKER, J., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.